IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-344-BO

KENDA R. KIRBY,  )
         Plaintiff,  )
v.  )     O R D E R
  )
STATE OF NORTH CAROLINA,  )
         Defendant.  )

This cause comes before the Court on plaintiff's motion for entry of default and defendant's motion to dismiss. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, the motion for entry of default is denied and the motion to dismiss is granted.

## BACKGROUND

Plaintiff, who proceeds *pro se*, instituted this action by filing a complaint on June 26, 2020. [DE 1]. In her complaint, plaintiff alleges that as a Ph.D. student at North Carolina State University, she was subjected to discrimination on the basis of sex, sexual orientation, gender, gender identity, and sex-based stereotyping as recently defined by the United States Supreme Court in *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1737 (2020). She alleges that following her weekend attendance in 1993 at a lesbian, gay, bisexual, and transgender (LGBT) event, professors at the University changed her passing grades to failing and terminated her from the Ph.D. program because of her attendance. Plaintiff further alleges that she was erroneously billed in 2013 for 1994 spring semester tuition and that in 2017 she learned that the North Carolina Education Authority had withheld overpaid student loan funds due to her. Plaintiff alleges that the 2013 tuition billing and the withholding of overpaid funds in 2017 amounted to disparate treatment and caused disparate impact. Plaintiff alleges claims of discrimination and

retaliation under Title IX of the Educational Amendments Act of 1972. 20 U.S.C. § 1681, *et seq.*

Plaintiff further states that she brings her case under Fed. R. Civ. P. 59 for full reconsideration following the *Bostock* opinion, requesting that all issues be reviewed and remedies assigned to provide her relief. Plaintiff alleges that her claim is timely in that it has been filed during the same Supreme Court term and within ten days of the *Bostock* opinion. As relief, plaintiff seeks correction of her grades on her transcript and correction of her transcript to read "in good standing" and "Ph.D. granted"; the grant and conferral of a Ph.D. in cell biology and morphology along with two copies of her diploma, at no cost; cancellation of any actions or bills to collect funds from plaintiff by North Carolina State University; prompt repayment of the overpaid portions of her student loans with fees and interest; a formal letter of apology from the North Carolina Education Authority, state Attorney General's Office, Governor, North Carolina State University, and College of Veterinary Medicine; and not less than $15 million in damages as well as legal costs associated with this case and earlier attempts to resolve these issues.

This is plaintiff's third case filed in this district. Each case arises from some or all of the allegations discussed above and asserts claims under, *inter alia*, Title IX, the First Amendment, and the equal protection and due process clauses of the Fourteenth Amendment. The first, case No. 5:13-CV-850-FL, was dismissed. *Kirby v. N.C. State Univ.*, 2015 U.S. Dist. LEXIS 30135 (E.D.N.C. Mar. 10, 2015). The second, case No. 5:17-CV-371-BO, was also dismissed. *Kirby v. North Carolina*, 2018 U.S. Dist. LEXIS 22142 (E.D.N.C. Feb. 9, 2018). Both dismissals were appealed and affirmed by the court of appeals. *Kirby v. N.C. State Univ.*, 615 F. App'x 136 (4th Cir. 2015); *Kirby v. North Carolina*, 727 F. App'x 48 (4th Cir. 2018). Plaintiff filed petitions for

writs of certiorari which were denied. *Kirby v. N.C. State Univ.*, 137 S. Ct. 34 (2016); *Kirby v. Office of the AG*, 139 S. Ct. 484 (2018).

## DISCUSSION

I.   Motion for entry of default.

Plaintiff seeks entry of default against defendant pursuant to Fed. R. Civ. P. 55(a). In her motion, plaintiff states that defendants received a copy of the complaint and summons along with all other required documents on June 26, 2020. Plaintiff further states that she forwarded a copy of clerk-signed summons to defendants on July 23, 2020, with United States Postal Service tracking indicating the summons were received by defendants on July 27, 2020. Plaintiff cites Fed. R. Civ. P. 5(b)(2)(c), which indicates that service is complete upon mailing.

Defendant has responded in opposition to the motion for entry of default. Defendant, by way of affidavit, has established that the State of North Carolina had not been properly served with the summons and complaint in this action in accordance with Rule 4 of the Federal Rules of Civil Procedure or Rule 4(j)(3) of the North Carolina Rules of Civil Procedure.[1] [DE 71-1]. Among other things, plaintiff failed to serve a copy of issued summons with the complaint and plaintiff failed to send documents by registered or certified mail. *See* Fed R. Civ. P. 4(c)(1); N.C. R. Civ. P. 4(j)(3)(2). Plaintiff has failed to come forward with any evidence which would rebut defendant's affidavit and establish that service had been properly effected. Accordingly, plaintiff's motion for entry of default is DENIED.

II.  Motion to dismiss.

Defendant moves to dismiss plaintiff's complaint pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure.

---

[1] On September 10, 2020, counsel for defendant filed a document accepting service on behalf of defendant as of that date. [DE 8].

3

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Pro se* complaints are held to less stringent standards than those that have been drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

At the outset, the Court addresses plaintiff's reference in her complaint to Rule 59 of the Federal Rules of Civil Procedure. A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American*

4

*Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The decision to alter or amend a judgment is committed to the discretion of the district court. The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not previously available; or (3) that the court has committed a clear error of law or manifest injustice. *See, e.g., Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

Plaintiff has not filed a Rule 59(e) motion in either of her closed cases, but rather has initiated a new action by filing a new complaint and having new summons issue. Rule 59 is inapplicable to the Court's consideration of her new complaint as judgment has not been entered.

Defendant seeks dismissal of plaintiff's complaint by first arguing that her claims are barred by the doctrine of *res judicata*. The Court agrees.

> The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.

*Allen v. McCurry*, 449 U.S. 90, 94 (1980) (internal citations omitted). This Court has previously dismissed plaintiff's claims arising from her 1994 Ph.D. program termination as well as her claims arising from the 2013 tuition bill and 2017 student loan overpayment. *See Kirby*, 2018 WL 834612, at *4. The entry of final judgment on the merits, the identity of the causes of action in the prior cases and this case, and the identity of the parties to the action satisfy the requirements for application of the *res judicata* doctrine. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

That plaintiff now relies on the recent *Bostock* opinion does not change the result. "[A]n intervening change in case law . . . almost never warrants an exception to the application of res

judicata". *Clodfelter*, 720 F.3d at 211. Moreover, even if plaintiff's claim under *Bostock* could be construed as a newly articulated claim which would be an exception to *res judicata*, any claim of sex discrimination under Title IX is barred by the applicable statute of limitations. *See Rouse v. Duke Univ.*, 535 F. App'x 289, 294 (4th Cir. 2013) (statute of limitations under Title IX is three years) (citing N.C. Gen. Stat. § 1-52(16)); *Wilmink v. Kanawha Cty. Bd. of Educ.*, 214 F. App'x 294, 296 n.3 (4th Cir. 2007) ("because Title IX does not contain an express statute of limitations, 'every circuit to consider the issue has held that Title IX also borrows the relevant state's statute of limitations for personal injury.'") (citation omitted). The latest date cited by plaintiff in her complaint, which relates to an allegedly wrongful refusal to refund a student load overpayment, occurred in March 2017. Plaintiff's complaint was filed in June 2020, more than three years later.

In sum, plaintiff's claims are barred by the doctrine of *res judicata* and the statute of limitations. Her complaint is therefore properly dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for entry of default [DE 5] is DENIED and defendant's motion to dismiss [DE 11] is GRANTED. Plaintiff's complaint is DISMISSED in its entirety and the clerk is DIRECTED to close the case.

SO ORDERED, this __ day of January, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:20-cv-00344-BO   Document 15   Filed 01/15/21   Page 6 of 6